IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**CARRE S. ORLONDA,**

            Plaintiff,

v.

**DENIS MCDONOUGH, et al.,**

            Defendants.

No. 3:22-cv-01532-MO

OPINION AND ORDER

**MOSMAN, J.,**

    Plaintiff Carre S. Orlonda brings this action against several Defendants. Ms. Orlonda has applied to proceed in forma pauperis ("IFP"). I GRANT her Application for Leave to Proceed IFP [ECF 2]. However, I DISMISS her Complaint [ECF 1]. Additionally, Ms. Orlonda's Motion for Appointment of Counsel [ECF 3] is DENIED with leave to renew.

## DISCUSSION

    I must dismiss a complaint filed IFP before service of process if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A "complaint 'must provide sufficient

1 – OPINION AND ORDER

allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.'" *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016) (alteration accepted) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). The factual allegations must "plausibly suggest an entitlement to relief." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Courts must construe pro se pleadings liberally and give plaintiffs the benefit of the doubt. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). "Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). "Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Here, Ms. Orlonda's Complaint fails to satisfy Rule 8. Of the rule's three requirements, her Complaint meets only one: it contains a demand for the relief sought—"11 million dollars for pain and suffering and infringement on civil rights." Compl. [ECF 1] at 6. The Complaint lacks a short and plain statement of the grounds for the court's jurisdiction, instead citing numerous federal statutes and baldly alleging diversity jurisdiction, both without further explanation. *Id.* at 3, 6–7. The Complaint also lacks a short and plain statement of Ms. Orlonda's claim showing that

2 – OPINION AND ORDER

the pleader is entitled to relief. Rather, general statements about discrimination are paired with non-specific allegations against unnamed coworkers and superiors.

If Ms. Orlonda chooses to file an amended complaint, she must comply with the pleading standards described above. Specifically, she must provide a short and plain statement of the grounds for the court's jurisdiction. And Ms. Orlonda must provide a short and plain statement that describes each claim, including facts showing why she is entitled to relief, what each defendant did, when they did it, and why that action (or failure to act) violated her rights or broke the law.

## CONCLUSION

I GRANT the Application for Leave to Proceed IFP [ECF 2], and I DISMISS the Complaint [ECF 1] without prejudice. Ms. Orlonda is granted leave to file an amended complaint that satisfies the requirements described above. She shall file an amended complaint, if any, by November 17, 2022. If Ms. Orlonda fails to file an amended complaint, this case will be dismissed with prejudice. Additionally, because I do not currently find exceptional circumstances justifying the appointment of pro bono counsel, *see Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009), Ms. Orlonda's Motion for Appointment of Counsel [ECF 3] is DENIED with leave to renew.

IT IS SO ORDERED.

DATED this 18 day of October, 2022.

_____
MICHAEL W. MOSMAN
Senior United States District Judge

3 – OPINION AND ORDER